777 So.2d 1280 (2001)
Aubrey WORSHAM and Ada Worsham, Plaintiffs-Appellants,
v.
Robert W. HETRICK, et al., Defendants-Appellees.
No. 34,206-CA.
Court of Appeal of Louisiana, Second Circuit.
February 7, 2001.
*1281 Brown, Erskine, Burkett & Breithaupt by Donald R. Brown, Monroe, Counsel for Appellants.
Hayes, Harkey, Smith & Cascio by Charles S. Smith, Karen L. Hayes, Monroe, Counsel for Appellees, Robert W. Hetrick, Rogers Trucking, Inc. and Harco National Insurance Co.
Patricia L. Barfield, Baton Rouge, Counsel for Intervenor, Louisiana Workers' Compensation Commission.
Lee & Broussard by Francis C. Broussard, Monroe, Counsel for Intervenor, Francis C. Broussard.
Before WILLIAMS, STEWART and DREW, JJ.
WILLIAMS, Judge.
The plaintiffs, Aubrey and Ada Worsham, appeal a judgment awarding past medical expenses of $26,789.57, lost wages of $25,000 and general damages of $30,000, for injuries sustained by Aubrey Worsham while driving his employer's vehicle. The trial court found that the intervenor, Louisiana Workers' Compensation Corporation, was entitled to reimbursement of $32,294.57 in medical expenses. Plaintiffs contend the jury's awards for medical expenses, lost wages and general damages were insufficient. For the following reasons, we amend and affirm as amended.

FACTS
On January 31, 1995, Aubrey Worsham, while working as a truck driver and mechanic for Jabar Corporation, was driving his employer's vehicle in Lincoln Parish, Louisiana, when he was struck on the passenger's *1282 side by a tractor-trailer truck driven by Robert Hetrick. As a result of the accident, Worsham complained of pain in his back, neck and left shoulder. Worsham was taken to the Lincoln General Hospital emergency room, where he was diagnosed with cervical and lumbar myofascial strain. Some days later, he began feeling pain in his right knee.
Worsham was initially treated by Dr. Loren Boersma, who first saw him on February 2, 1995. Dr. Boersma diagnosed Worsham with cervical and lumbar strain, prescribed pain medication and advised rest. During the February 21, 1995 visit, Worsham first complained of pain in his right knee, in addition to the pain in his neck, back and shoulder. Dr. Boersma ordered a bone scan, which was interpreted as negative for bone injury. Worsham continued to complain of right knee pain in his next two visits and last saw Dr. Boersma in April 1995.
On March 13, 1995, Worsham saw Dr. Baer Rambach, an orthopedic specialist, complaining of a burning sensation in his right knee, limited movement of his left shoulder and pain in his lower back and neck. Dr. Rambach diagnosed Worsham with adhesive capsulitis of the left shoulder and traumatic chondromalacia of his right knee patella. Upon Dr. Rambach's recommendation, Worsham underwent two procedures, forceful manipulation of his left shoulder and arthroscopic surgery on his right knee. After the surgery, Worsham underwent physical therapy from May 1995 to July 1995, but his pain persisted. Dr. Rambach ordered an MRI, which showed an impingement of the left shoulder rotator cuff mechanism. In August 1995, Worsham underwent surgery to release the left shoulder impingement. Following the surgery, Worsham participated in physical therapy three times per week from September 1995 to January 1996.
During this time, Worsham's back pain persisted and he was referred to Dr. James Zum Brunnen, an orthopedic surgeon. Dr. Zum Brunnen saw Worsham in April 1996 and reviewed a lumbar myelogram and CT Scan of the lumbar spine performed in December 1995. Dr. Zum Brunnen determined that the CT Scan showed a soft tissue protrusion in the lower back and ordered a follow-up lumbar MRI. In June 1996, Worsham began working in the auto service department at Wal-Mart. Approximately two months later, on August 12, 1996, Worsham slipped and fell while working. The lumbar MRI was performed on August 15, 1996, and Worsham next saw Dr. Zum Brunnen one week later. Because the MRI results confirmed the findings of the earlier tests, Dr. Zum Brunnen opined that Worsham had not sustained a significant new injury in the Wal-Mart accident.
The plaintiffs, Aubrey and Ada Worsham, filed a petition for damages against the defendants, Hetrick, Rogers Trucking, Inc., the owner of the tractor-trailer, and its insurer, Harco National Insurance Company. Louisiana Workers' Compensation Corporation (LWCC), Jabar's compensation carrier, intervened in the suit seeking to recover the amount of weekly compensation benefits and medical and rehabilitation expenses paid to plaintiff. Prior to trial, the parties stipulated to the defendants' fault in causing the accident. They agreed to submit the issue of damages to the jury and the intervention claim to the trial judge.
After the parties submitted their evidence, the trial court held a hearing on jury charge requests. The court denied plaintiffs' proposed jury instruction, which provided that "a medical condition producing disability is presumed to have resulted from an accident if, before the accident, the injured person was in good health," but shortly after the accident, the disabling condition manifested itself. The court instructed the jury concerning claims for aggravation of pre-existing conditions. The jury awarded plaintiff past medical expenses of $26,789.57, lost wages of $25,000 and general damages of $30,000.
*1283 After a hearing on LWCC's subrogation claim, the trial court rendered judgment incorporating the jury's award and awarding LWCC reimbursement of $32,294.57 in medical expenses and $16,056 in workers' compensation benefits paid to Worsham. The plaintiffs' motion for judgment notwithstanding the verdict, new trial or additur was denied. Plaintiffs appeal the judgment.

DISCUSSION

Jury Instruction
The plaintiffs contend the trial court erred in refusing to give their requested jury instruction relative to the presumption of causation. They argue that Worsham was in good health prior to the accident because he was able to perform his job duties.
After presentation of all the evidence and arguments at trial, the court shall instruct the jurors on the law applicable to the cause submitted to them. LSA-C.C.P. art. 1792. Adequate jury instructions are those which provide the correct principles of law for the jury to apply to those issues reasonably raised by the pleadings and evidence. The trial court is not required to give the precise instruction submitted by a litigant, but need only give instructions which properly reflect the applicable law. Wilson v. National Union Fire Ins. Co., 27,702 (La.App.2d Cir.12/6/95), 665 So.2d 1252. The adequacy of jury instructions must be determined in light of the instruction as a whole. Belle Pass Terminal Inc. v. Jolin, Inc., 92-1544 (La.App. 1st Cir.3/11/94), 634 So.2d 466, writ denied, 94-0906 (La.6/17/94), 638 So.2d 1094. Appellate courts exercise great restraint before overturning a jury verdict on the suggestion that the instructions were so erroneous as to be prejudicial. Wilson, supra.
The law recognizes that a medical condition producing disability is presumed to have resulted from an accident if prior to the event, the injured person was in good health, but shortly after the accident the disabling condition appears and continuously manifests itself, provided the medical evidence shows there is a reasonable possibility of a causal connection between the accident and the condition. Housley v. Cerise, 579 So.2d 973 (La.1991); O'Riley v. City of Shreveport, 30,107 (La.App.2d Cir.1/23/98), 706 So.2d 213.
In the present case, evidence was presented showing that Worsham had sustained prior work-related injuries to his neck, back and right leg. While employed at an oil rig service company, Worsham was injured when a section of flooring fell on his head and shoulder. He was hurt another time when he was knocked off of a barge. In 1977, Worsham injured his back while lifting heavy equipment at work. He was seen by Dr. Roy Ledbetter, who noted that Worsham was post-operative from previous lumbar disc surgery and diagnosed him with recurring lumbosacral strain. In 1985, Worsham fell from a ladder while working. He broke his right foot and experienced knee pain. Worsham injured his back, neck and leg after stepping in a hole when working at Windlake Farm in 1992. Worsham underwent lumbar disc surgery in 1973 and cervical disc surgery in 1986.
Worsham contends that despite his prior injuries, he was in "good health" prior to the January 1995 accident because he was able to perform his job duties at Jabar and had not received previous medical treatment specifically for his right knee. However, Worsham acknowledged that while working at Jabar, he felt pain in his back, neck, arms and legs and that he often needed four to six Tylenol during the day to tolerate his pain and stay on the job. In addition, Dr. Myron Bailey testified by deposition that Worsham mentioned "knee problems" during his November 1983 visit and that he complained of back pain and "right knee pain" when seen in February 1986. Thus, there is evidence that at the time of the present accident, *1284 Worsham continued to feel pain as a result of prior injuries.
Based upon this record, we cannot say the trial court was clearly wrong in finding that Worsham was not in good health prior to the January 1995 accident. Considering the jury instruction as a whole, we conclude the trial court did not err in refusing to give the requested instruction regarding the presumption of causation. In any event, we note that the jury, by awarding damages to the plaintiffs, impliedly found that the accident caused injury to Worsham. The assignment of error lacks merit.

Past Medical Expenses
The plaintiffs contend the trial court erred in declining to increase the award for medical expenses. Plaintiffs argue that the evidence presented proved that Worsham incurred medical expenses in excess of the amount awarded by the jury.
An employer or its insurer which pays compensation under the Workers' Compensation Act to an injured worker may recover the amounts paid from a third party who is liable for the injury. LSA R.S. 23:1101. Employers are required to furnish all necessary medical expenses incurred by the employee for treatment of the work-related injury. LSA-R.S. 23:1203.
In the present case, Tina Mullins, a Wal-Mart employee, testified that on June 15, 1996, Worsham began working at the store's "Tire and Lube Express" department, where she was manager. Mullins stated that Worsham was hired primarily to instruct and supervise other employees in changing motor oil and tires, but that he also helped unload batteries and tires from delivery trucks. Mullins testified that she did not observe Worsham have any physical difficulty performing his work duties until after he slipped on a valve stem and fell.
Worsham testified that he did well in the Wal-Mart job during the initial five weeks of work, when he mainly instructed other workers about their job duties and checked their work. Worsham stated that his situation changed because of a staff shortage that required him to perform more strenuous physical activity, which caused knee pain and swelling. Worsham testified that on August 12, 1996, his foot slipped while carrying a tire and he fell to his knee, and that he continued to work with pain until August 21, 1996.
The trial court found that Worsham no longer suffered from injuries attributable to the work accident as of June 15, 1996, when he began working at Wal-Mart. Based on the evidence presented, we cannot say that this finding was clearly wrong. Consequently, we must determine whether the jury awarded sufficient medical expenses for Worsham's treatment through June 15, 1996. After reviewing the plaintiffs' exhibit P-10, with attached medical bills, we conclude that the record supports the trial court's calculation of past medical expenses in the amount of $32,295. Therefore, the jury was clearly wrong in awarding less than that amount. Accordingly, the judgment shall be amended to increase the award for past medical expenses to $32,295.

General Damages
The plaintiffs contend the jury's award of $30,000 for pain and suffering is insufficient. Plaintiffs argue that a greater damage award is supported by the evidence of injuries to Worsham's shoulder, knee, back and neck.
General damages involve mental or physical pain and suffering, inconvenience, loss of intellectual or physical enjoyment or other losses of lifestyle that cannot be measured exactly in monetary terms. Robbins v. State Dept. of Labor, 31,590 (La.App.2d Cir.2/24/99), 728 So.2d 991. Before an appellate court may disturb such an award, the record must clearly show that the factfinder abused its broad discretion in making the award. Robbins, supra. The finding of an abuse *1285 of much discretion must be based on the particular injuries sustained and their effect on the particular injured person. After a determination that an award is abusively low, the appellate court may raise the award to the lowest amount reasonably within the factfinder's discretion. Wilson, supra.
Here, the evidence shows that immediately following the collision Worsham complained of pain in his shoulder, back and neck and reported right knee pain some days later. As a result of his injuries, Worsham underwent manual manipulation of his left shoulder to loosen the adhesive capsulitis, and arthroscopic surgery of his right knee. He then participated in painful physical therapy from May 1995 to August 1995. Worsham's shoulder problem persisted and he was next diagnosed with an impingement of his rotator cuff mechanism, which required an invasive surgical procedure. After this surgery, Worsham's left arm was immobilized by a sling for several weeks while his shoulder healed. Worsham then participated in intensive physical therapy three times per week for a period of three months. The testimony demonstrates that although Worsham actively participated in his rehabilitation therapy, he required a period of more than one year in which to return to his pre-accident condition.
During this time period, Worsham experienced more pain than he did before the accident, as shown by his need for prescription pain medication, which he was not taking while at Jabar. Even though Worsham has a history of work injuries and pain symptoms, the evidence does not indicate that he would have required shoulder surgery if not for this work accident. In addition, Worsham's physical movements and activities were restricted for several months as a result of the accident and the surgical procedures.
After reviewing the entire record, we are constrained to find that the jury abused its discretion in the award of general damages. Considering the particular circumstances of this case and Worsham's specific injuries, we conclude that the lowest amount which the jury could have reasonably awarded in general damages is $50,000. See Meshell v. Lovell, 98-1192 (La.App. 3rd Cir.3/17/99), 732 So.2d 83, writ denied, 99-1055 (La.6/4/99), 744 So.2d 626; Francis v. Brown, 95-1241 (La.App. 3rd Cir.3/20/96), 671 So.2d 1041. We shall amend the judgment accordingly.

Lost Wages
The plaintiffs contend the jury's award for lost wages was insufficient. Awards for past lost wages are not susceptible to the great discretion given the fact finder, because lost income is subject to mathematical calculation. Robbins, supra.
In the present case, the evidence showed that Worsham's average monthly wage was $1,808.27 at Jabar. The accident occurred on January 31, 1995, and Worsham began working at Wal-Mart on June 15, 1996, a period of approximately sixteen months. The calculation of past lost wages involves multiplying the monthly wage by the relevant time period, resulting in total lost wages of $28,932. Thus, the jury erred in making its award of past lost wages. Accordingly, we shall amend the judgment to award Worsham lost wages of $28,932.

CONCLUSION
For the foregoing reasons, the trial court's judgment is hereby amended to increase the past medical expenses award to $32,295, to increase the general damages award to $50,000 and to increase the past lost wages award to $28,932. The judgment is otherwise affirmed. Costs of this appeal are assessed to appellees, Robert Hetrick, Rogers Trucking, Inc. and Harco National Insurance Company.
AMENDED AND AFFIRMED AS AMENDED.